IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRENT WILLIAM JACOBY, #291560, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   CASE NO. 2:21-CV-344-RAH-CSC ) |
| JEFFERSON S. DUNN, et al., | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Plaintiff Brent William Jacoby, an inmate and frequent litigant proceeding *pro se*, brings this 42 U.S.C. § 1983 action alleging violations of his Eighth Amendment rights while incarcerated at Staton Correctional Facility in 2021. Doc. 17. The Amended Complaint names former Alabama Department of Corrections ("ADOC") Commissioner Jefferson Dunn[1], Warden Camelia Cargle, Warden Joseph Headley, Captain Rogers, Captain Smith, Lieutenant Briggs, Sergeant Davis, and Officer Weathers as defendants. *Id*. at 1, 2. As relief, Plaintiff seeks punitive damages against each Defendant in the amount of $1,000,000; medical treatment and payment for his medical bills; to be released on parole or housed "in another state somewhere in protective custody or to do my times"; and that

---

[1] John Hamm has replaced Jefferson Dunn as Commissioner of the ADOC. Thus, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Hamm is automatically substituted as defendant in his official capacity. Former ADOC Commissioner Jefferson Dunn remains a defendant in his individual capacity. The Clerk is DIRECTED to update the docket accordingly.

various ADOC employees from various institutions be given "a promotion and job to better the prison system." *Id*. at 4.

On February 7, 2022, the Court issued an Order directing Defendants to file a Special Report addressing Plaintiff's claims. Doc. 19. On June 22, 2022, Defendants filed a joint Special Report (Doc. 38) in which they seek summary judgment and provide supporting evidentiary materials (Docs. 38-1 through 38-12). Thereafter, in response to discovery requests from Plaintiff, Defendants filed additional evidentiary materials. Docs. 54, 55, 56, 63, 64, 65. On December 14, 2022, the Court directed Plaintiff to respond to Defendants' filings with affidavits or statements made under penalty of perjury and other evidentiary materials. Doc. 68. The Court received Plaintiff's response on April 6, 2023. Doc. 74.

In the December 14, 2022 Order, the Court notified the parties that "the Court may at any time [after expiration of the time for Plaintiff to file a response] and without further notice to the parties (1) treat the Special Report and any supporting evidentiary materials as a motion to dismiss or motion for summary judgment, whichever is proper, and (2) rule on the dispositive motion, in accordance with the law, after considering any response filed [by Plaintiff]." Doc. 68 at 3. Pursuant to that notice, the undersigned will now construe Defendants' Special Report as a motion for summary judgment and, for the reasons set forth below, RECOMMEND that the motion be GRANTED.

II.     **SUMMARY JUDGMENT STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, a reviewing court must grant a motion for "summary judgment if the movant shows that there is no genuine issue as to

2

any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson*, 477 U.S. at 248). "An issue is 'material' if it might affect the outcome of the case under the governing law." *Id.*

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Id.* at 322–23.

Once the movant has satisfied this burden, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. In doing so, and to avoid summary judgment, the nonmovant "must do

3

more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The parties must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations[], admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B).

If the nonmovant "fails to properly address another party's assertion of fact as required by Rule 56(c)," then the Court may "consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)–(3).

"In reviewing whether the nonmoving party has met its burden, the [C]ourt must stop short of weighing the evidence and making credibility determinations of the truth of the matter." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998–99 (11th Cir. 1992) (citation omitted). "Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 999 (citations and internal quotations omitted). However, "mere conclusions and unsupported factual allegations, as well as affidavits based, in part, upon information and belief, rather than personal knowledge, are insufficient to withstand a motion for summary judgment." *Ellis v. England*, 432 F.3d 1321, 1327 (11th Cir. 2005) (citation omitted). Furthermore, "[a] mere

4

'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990); *see also Anderson*, 477 U.S. at 249–50 ("If the evidence [on which the nonmoving party relies] is merely colorable, or is not significantly probative, summary judgment may be granted.") (internal citations omitted).

### III. DISCUSSION

In his Amended Complaint, Plaintiff alleges that Defendants acted with deliberate indifference in violation of his Eighth Amendment rights. Doc. 17 at 5–24. Specifically, he alleges that (1) all or some of the Defendants have an unconstitutional custom in place permitting inmates to hang sheets in the dorms and around their beds; (2) all or some of the Defendants fail to ensure that inmates sleep on their assigned beds; (3) "[s]ometimes [Plaintiff] would have to give in and go have sex with inmates and be in fake ass relationships against [his] will with these black dudes . . . just to have a bed to sleep on"; and (4) Plaintiff has "HIV and or hepatitus [sic] now . . . and D.O.C. Health Department in Alabama prisons wont treat [him], wont diagnose [him, and] wont run tests on [him]." *Id*. Thus, Plaintiff believes that "[t]he white race period is in imminent danger in the Alabama Department of Corrections . . . in every single prison[,] not just Staton!" *Id*. at 14. As such, Plaintiff "will file lawsuits for inmates and imminent danger claims for [himself] until [he] die[s] in here if [he is] not released from [his] illegal unlawful sentence." *Id*. In his response to Defendants' Special Report, he largely reiterates these claims. Doc. 74.

However, at this stage of the proceedings, the Court may only consider filings that are properly sworn or verified in accordance with 28 U.S.C. § 1746. *See, e.g., Roy v. Ivy*,

5

53 F.4th 1338, 1347 (11th Cir. 2022) ("Unsworn statements may not be considered by a district court in evaluating a motion for summary judgment.") (citing *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003)). In his Amended Complaint, Plaintiff states, "I . . . declare under the penalty of perjury that im telling the truth unless its based on my feelings and belief." Doc. 17 at 4. Similarly, in his response to Defendants' Special Report, he states, "I . . . declare under the penalty of perjury im telling the truth herein and everything herein is based on info I believe to be true and correct." Doc. 74 at 14. Additionally, in response to Defendants' contentions that Plaintiff made "numerous demonstrably false statements in the Amended Complaint" that are belied by the record, Plaintiff states:

> Just because some of [Plaintiff's] Amended Complaint might not of [sic] been dead on accurrate [sic] does not mean he was deliberately lieng [sic] and making up stuff just to make stuff up! In fact [Plaintiff] clearly wrote he declares under the penalty of perjury that the information in his lawsuits is based on information he 'believes' to be true and or 'thinks' is true to the best of his knowledge!

*Id.* at 2.

Notably, an affidavit or declaration used to oppose summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Plaintiff's filings, based on feelings and beliefs that he admits may not be correct, cannot establish a genuine issue of material fact sufficient to defeat summary judgment because his statements are not based only on personal knowledge. *See Ellis*, 432 F.3d at 1327 (citation omitted); *Henderson v. Griffin*, No. 117-131, 2018 WL 7049389, at *5 (S.D.

6

Ga. Dec. 19, 2018) (citations omitted). In *Pace v. Capobianco*, 283 F.3d 1275 (11th Cir. 2002), the Eleventh Circuit explained:

> The Rules are clear: "Supporting and opposing affidavits *shall* be made on personal knowledge." Fed. R. Civ. P. 56(e) (emphasis added). Rule 56(e)'s personal knowledge requirement prevents statements in affidavits that are based, in part, "upon information and belief"—instead of only knowledge—from raising genuine issues of fact sufficient to defeat summary judgment. *See Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 851 (11th Cir. 2000) ("upon information and belief" insufficient); *Fowler v. Southern Bell Tel. and Tel. Co.*, 343 F.2d 150, 154 (5th Cir. 1965) ("knowledge, information and belief" insufficient); *Robbins v. Gould*, 278 F.2d 116, 118 (5th Cir. 1960) ("knowledge and belief" insufficient).[] Likewise, an affidavit stating only that the affiant "believes" a certain fact exists is insufficient to defeat summary judgment by creating a genuine issue of fact about the existence of that certain fact. *Jameson v. Jameson*, 176 F.2d 58, 60 (D.C. Cir. 1949) ("Belief, no matter how sincere, is not equivalent to knowledge."); *see also Tavery v. United States*, 32 F.3d 1423, 1426 n. 4 (10th Cir. 1994); *Hansen v. Prentice–Hall, Inc.*, 788 F.2d 892, 894 (2d Cir. 1986). Even if the affidavit is otherwise based upon personal knowledge (that is, includes a blanket statement within the first few paragraphs to the effect that the affiant has "personal knowledge of the facts set forth in th[e] affidavit"), a statement that the affiant believes something is not in accordance with the Rule. *See Cermetek, Inc. v. Butler Avpak, Inc.*, 573 F.2d 1370, 1377 (9th Cir. 1978) (equating "I understand" statement in affidavit to inadmissible "I believe" statements and concluding that statement is inadmissible despite general averment to personal knowledge at beginning of affidavit).

*Id*. at 1278–79.

Since *Pace*, the Eleventh Circuit has continued to make clear that a pleading in opposition to summary judgment must be based on personal knowledge rather than information, feelings, or belief. *See Harrison v. Culliver*, 746 F.3d 1288, 1299 n.16 (11th Cir. 2014) (finding statement made "[t]o the best of [a plaintiff's] belief and knowledge" insufficient to establish a genuine issue of material fact because the statement was not

based on personal knowledge).[2] Here, there is no delineation whatsoever within Plaintiff's 26-page Amended Complaint or 16-page response as to which statements are based on personal knowledge and which are based on feelings or belief. In fact, Plaintiff readily admits that at least some of the information contained in the Amended Complaint is not "dead on accurrate [sic]" without specifying which information is incorrect. Doc. 74 at 2. "Under these circumstances, the Court can only speculate as to which, if any, of [Plaintiff's] factual allegations are based upon his personal knowledge. Therefore, [Plaintiff] cannot rely on the facts alleged in his [Amended Complaint and response] to defeat summary judgment." *Ramsey v. GMAC Mortg. Corp.*, No. 3:10-CV-85, 2012 WL 13028221, at *2 (N.D. Ga. May 10, 2012).

Because Plaintiff's pleadings are not properly sworn or verified in accordance with 28 U.S.C. § 1746, the Court may not consider them in response to Defendants' summary judgment motion.[3] As such, the only remaining record evidence wholly refutes Plaintiff's Eighth Amendment claims against Defendants. Indeed, Defendants have proffered considerable, unrefuted evidence that (1) there is no custom in place that permits inmates to hang sheets in the dorms (Docs. 38-3; 38-5; 38-7; 38-8); (2) Plaintiff was at all relevant

---

[2] *See also, e.g., Williamson v. Ala. Dep't of Mental Health and Mental Retardation*, No. 21-13274, 2023 WL 5287873, at *1 (11th Cir. Aug. 17, 2023) ("'[A]ffidavits based, in part, upon information and belief, rather than personal knowledge, are insufficient to withstand' summary judgment.") (quoting *Ellis*, 432 F.3d at 1327); *Marbury v. Warden*, No. 22-10916, 2022 WL 17175549, at *1 (11th Cir. Nov. 23, 2022) ("[A]ffidavits based on information and belief instead of personal knowledge . . . are insufficient to withstand a motion for summary judgment.") (citing *Ellis*, 432 F.3d at 1327).

[3] The undersigned notes that, even if Plaintiff's pleadings were properly sworn or verified and thus could be considered by the Court at this stage, Plaintiff would nevertheless fail to establish a genuine issue of material fact sufficient to overcome summary judgment. However, because the Court cannot consider such pleadings for the reasons set forth above, the undersigned need not address their merits.

times assigned a specific bed, never reported problems with his bed assignment, and would have been directed back to his bed if found sleeping on the floor or otherwise not on his assigned bed (Docs. 38-2 at 3; 38-3; 38-5; 38-7; 38-8; 38-12); (3) Plaintiff never reported being extorted by other inmates or otherwise feeling unsafe (Docs. 38-3; 38-5; 38-7; 38-8); and (4) Plaintiff tested negative for both HIV and Hepatitis and has been routinely examined by medical staff (Doc. 38-9).[4] Absent any evidence to the contrary, there is simply nothing before the Court sufficient to establish a genuine issue of material fact as to Plaintiff's purported claims.[5] Accordingly, Defendants are entitled to summary judgment.

## IV. CONCLUSION

Accordingly, based on the foregoing, the undersigned RECOMMENDS that:

1.       Defendants' Special Report (Doc. 38), which the Court construes as a motion for summary judgment, be GRANTED;

2.       Judgment be ENTERED in favor of Defendants; and

---

[4] Defendant Headley further avers that, despite Plaintiff's allegations, he was neither employed nor present at Staton during the relevant time period. Doc. 38-6.

[5] Plaintiff sought video footage from multiple dorms at Staton over a three-month period, which he believes will demonstrate that inmates do in fact hang sheets in the dorms and that he was often not on his assigned bed. He further implores the Court to review video footage from all dorms at all correctional institutions over a several year period, which he believes will support his claims. However, the undersigned finds such requests to be overly broad and unduly burdensome in the context of this case. *See, e.g., Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) ("District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce.") (citing Fed. R. Civ. P. 26(b)(2) and *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978) (Rule 26 "does not, however, permit a plaintiff to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive")). Importantly, even if such footage did in fact depict sheets hung in the dorms and that Plaintiff was not always on his assigned bed, that alone would fail to overcome summary judgment on Plaintiff's purported Eighth Amendment claims.

    3.    This case be DISMISSED with prejudice.

It is further ORDERED that, on or before **July 15, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 1st day of July, 2024.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE